[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Jimmy Jones was indicted for burglary in violation of R.C. 2911.12(A)(2). At a hearing on June 14, 2000, Jones entered a "no contest" plea, believing that he would be subject to the "bad time" provisions in R.C. 2967.11 and the "post-release control" provision of R.C. 2967.28. Jones was found guilty of the underlying offense and was sentenced as appears of record. The judgment of the conviction entered in the court's journal on June 30, 2000, does not mention that Jones is subject to "bad time" or "post-release control." In his sole assignment of error, Jones contends that he could not have knowingly entered a plea of no contest when he was erroneously informed that he would be subject to "bad time" and "post-release control."
The Supreme Court of Ohio has recently addressed the constitutionality of both statutes. On August 3, 2000, the court determined that the "post-release control" provision under R.C. 2967.28 is constitutional.[1]
To that effect, we find that Jones's assignment of error as it relates to R.C. 2967.28 is not well taken because Jones is subject to the "post-release control" provision and the trial court properly informed him of that fact. On June 14, 2000, the Ohio Supreme Court declared the "bad time" provision under R.C. 2967.11 unconstitutional.[2] Despite Jones's argument to the contrary, we are unconvinced that failing to notify Jones that he could be subject to "bad time" made his plea unknowing, particularly where the statute was held to be unconstitutional that same day. However, as the "bad time" provision is no longer in effect, we hold that Jones cannot be subjected to the imposition of R.C.2967.11, even where the judgment of conviction is silent as to "bad time."[3] Accordingly, we sustain Jones's assignment of error to the extent that it relates to the imposition of "bad time," and modify the trial court's sentence so that he may not be held subject to the "bad time" provisions.
The sentence imposed for burglary is modified so that the term of confinement is not held subject to "bad time" under R.C. 2967.11, and we uphold the sentencing pertaining to burglary in all other respects. The clerk is instructed to forward this entry and our mandate to the Adult Parole Authority.
Therefore, the judgment of the trial court is affirmed as modified.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Sundermann, JJ.
[1] See Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1102.
[2] See State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132,729 N.E.2d 359, syllabus.
[3] See State v. Williams (Dec. 22, 2000), Hamilton App. Co. C-000171, unreported.